IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

MAURICE GRIFFIN,

    Petitioner,

vs.          CIVIL ACTION NO.: CV204-149

UNITED STATES OF AMERICA,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Maurice Griffin ("Griffin"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C.A. § 2241. Respondent has filed a Response, and Griffin has filed a Reply. For the reasons which follow, Griffin's petition should be **DENIED**.

## STATEMENT OF THE FACTS

Griffin pleaded guilty to drug offenses in two cases in the Middle District of Florida, and received sentences of 132 months' imprisonment in each case, which were to run concurrently. During his sentencing proceedings in May 1998, Griffin received a three level downward departure based on the Government's motion. (Gov't Ex. A, Dkt. Entry No. 57; Ex. B, Dkt. Entry No. 62.) In February 2001, the Government filed a motion in each of Griffin's cases to reduce his sentences pursuant to FED. R. CRIM. P. 35. (Gov't Ex. A, Dkt. Entry No. 59; Ex. B, Dkt. Entry No. 65.) The Honorable William T. Hodges granted the Government's Motions and reduced Griffin's sentences from 132 months' imprisonment to 120 months' imprisonment. (Gov't Ex. A, Dkt. Entry No. 60; Gov't Ex. B, Dkt. Entry No. 66.)

AO 72A
(Rev. 8/82)

In the instant motion, Griffin requests this Court to issue an order compelling the Government to file a Rule 35(b) motion for a downward departure. Griffin asserts that he provided substantial assistance in the case of United States v. Jean Denis Louissaint in the Northern District of Florida. Respondent contends that Griffin has been granted a downward departure based on the Government's motions. Respondent also asserts that Griffin has unsuccessfully filed subsequent requests for relief in the Middle District of Florida in which he set forth the same arguments as he does in the instant motion. Respondent contends that this motion is Griffin's attempt to re-litigate his previous claims and should be denied.

## DISCUSSION AND CITATION OF AUTHORITY

Rule 35 of the Federal Rules of Criminal Procedure provides, in relevant part:

Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:

> (A) information not known to the defendant until one year or more after sentencing;
>
> (B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or
>
> (C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

FED. R. CRIM. P. 35(b)(2).

Griffin contends that he entered into a plea agreement which stipulated that he would cooperate with state and federal authorities on other investigations they were

2

AO 72A
(Rev. 8/82)

undertaking. Griffin also contends that this agreement stipulated that he would receive credit for his assistance during sentencing or by a Rule 35(b) motion filed by the Government. Griffin asserts that his 132 month sentences were reduced to 120 month sentences, which "supports the facts that [he] has cooperated fully with the authorities." (Mot., p. 2.) Griffin alleges that the assistance he provided to authorities has subjected him and his family to danger, and he has not been rewarded for his assistance. Griffin requests that the Court "consider these facts and grant a reduction based upon the substantial assistance to the prosecution." (Mot., p. 3.) Griffin also requests "specific performance of the government to move for a downward departure in his federal sentence based upon substantial assistance provided to the government." (Mot., p. 5.) Griffin avers that the Government has acted in bad faith by not filing a Rule 35 motion on his behalf to reflect credit he should receive for providing substantial assistance.

During his sentencing proceedings in May 1998, Griffin received a three level downward departure based on the Government's motion. (Gov't Ex. A, Dkt. Entry No. 57; Ex. B, Dkt. Entry No. 62.) In February 2001, the Government filed a motion in each of Griffin's cases to reduce his sentences pursuant to FED. R. CRIM. P. 35 based on information he provided in another investigation. (Gov't Ex. A, Dkt. Entry No. 59; Ex. B, Dkt. Entry No. 65.) The Honorable William T. Hodges granted the Government's Motions and reduced Griffin's sentences from 132 months' imprisonment to 120 months' imprisonment. (Gov't Ex. A, Dkt. Entry No. 60; Gov't Ex. B, Dkt. Entry No. 66.) In support of its Rule 35(b) Motions, the Government stated:

> The defendant testified at the trial of United States v. Jean Louissaint, Case No. 1:99-CR-69-MMP in the Northern District of Florida in February 2000. According to the Assistant United States Attorney who prosecuted the case,

AO 72A
(Rev. 8/82)

the defendant's testimony was credible, corroborated by other evidence, and it substantially assisted the government in its prosecution of Louissaint. The defendant's information also assisted the prosecution of St. Firmin in the Northern District of Florida. The United States Attorney's Office for the Northern District of Florida also hopes to present an indictment against Jean Adolphe within the next several months based in part on information provided by the defendant.

(Gov't Ex. C, ¶ 4.) It is evident that the Government has filed a Rule 35(b) motion on Griffin's behalf on a previous occasion; in fact, Griffin recognizes this fact. (See Mot., p. 2.) There is no evidence before this Court that the Government obligated itself to file any additional Rule 35(b) motions on Griffin's behalf, even accepting Griffin's seeming allegations to the contrary as true. Additionally, even if the Government has refused to file another Rule 35(b) motion on Griffin's behalf, in the absence of evidence of an improper motive on the part of the Government, this Court cannot and will not grant Griffin's requested relief. See United States v. Ortiz, 2005 WL 1274476, *2 (11th Cir. May 31, 2005) (noting that a defendant who merely claims to have provided substantial assistance or who makes generalized allegations of improper motive is not entitled to his requested remedy).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Griffin's petition for writ of habeas corpus, filed pursuant to 28 U.S.C.A. § 2241 (Doc. No. 1), be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 5th day of July, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)